# THE MAGGIE ELLEN.[1]

*(District Court, E. D. New York.* December 3, 1883.)

SALVAGE—COMPENSATION—COSTS TO NEITHER PARTY.

> A schooner grounded on Brigantine shoal, a dangerous shoal in the Atlantic ocean, in fair weather, with the wind light, the sea smooth, and the tide young flood. The bottom was smooth, she did not pound, nor leak, nor suffer any damage, nor set a distress signal. The value of the schooner was $4,000. A tug, which came by, offered to tow her off for $500 and her master offered to pay $200, but neither offer was accepted, and the tug towed her off the shoal to an anchorage three miles distant, being employed some three-quarters of an hour, on the understanding that underwriters should fix the amount of compensation. On their refusal to do so, this suit was brought. The owners of the tug claimed $1,000. *Held,* that there was no room to deny that this was a salvage service; that the service was worth $200, and the offer of that sum should have been accepted. Costs were not given the libelant, because the efforts of the owners of the schooner to agree on an amount before the suit were not met in a proper spirit, and there was some reason to suppose there was the intention to compel payment of more than was just by pressure of legal proceedings. Costs were not given the claimant, as no amount was tendered, and the ground was taken that the service was towage, not salvage.

In Admiralty.

*Owen & Gray,* for libelant.

*Beebe & Wilcox,* for claimant.

BENEDICT, J. This action is to recover salvage for services rendered in towing the schooner Maggie Ellen off the Brigantine shoal. Brigantine shoal is a dangerous shoal in the Atlantic ocean, just above Absecom. On the afternoon of April 23, 1882, between 5 and 6 o'clock P. M., the schooner Maggie Ellen, laden with ice and bound to the southward, grounded upon this shoal. The wind at the time was light from the north-west, and the weather fair. The sea was smooth and the tide was young flood. The vessel herself was sound and stanch. The bottom was smooth; she did not pound; made no water, and suffered no damage whatever by reason of the grounding. No signal of distress was set. As the wind and sea were, and continued to be until about midnight, there is no reason to doubt that the schooner would have got off the shoal by means of her windlass and kedge. She was within reach of assistance from a life-saving station, and a life-saving crew was on the way to her relief when the tug Argus, also bound to the south, came within hail and tendered her aid for a compensation of $500. The master of the schooner offered $200, and after the master of the schooner had, by sounding, shown the master of the tug that he could approach the schooner without danger, the tug took hold of the schooner, upon the understanding that the amount of her compensation should be left to the underwriters at Philadelphia. Upon this understanding the tug towed the schooner off the shoal, and took her to a place of anchorage some

[1] Reported by R. D. & Wyllys Benedict, of the New York bar.

three miles distant, being employed some three-quarters of an hour in performing the service. The underwriters refused to determine the amount, and, the parties being unable to agree, this suit is the result.

There is no room to deny that the service rendered was a salvage service. A vessel aground on Brigantine shoals, in the Atlantic ocean, is always in peril, but not necessarily in immediate peril. The service rendered by the tug was not a towage service. No tug could be expected to render a service of the character in question for ordinary towage compensation. The service was salvage, and the only question upon which there can be dispute is as to what will be a proper salvage compensation therefor. The difference between the parties is wide. One thousand dollars was demanded by the tug after the service had been performed. Two hundred dollars was offered by the schooner at the time of the service. On the trial $750 was the least sum suggested in behalf of the libelant; $100 the greatest suggested in behalf of the claimant. Upon considering all the circumstances, and considering that the value of the schooner does not exceed $4,000, I am of the opinion that the offer of $200, made by the master of the schooner at the time the service was rendered, was a liberal one, and should have been accepted. That sum is in my opinion the proper compensation to be awarded now. I give no costs to the libelant, because I consider that the endeavors of the owners of the schooner to agree upon an amount, made before suit brought, were not met in a proper spirit, and there is some reason to suppose that there was the intention to compel payment of a larger amount than was just by the pressure of legal proceedings. I cannot give the claimant his costs, for no tender of any amount whatever was made in the answer, nor was any sum paid into court. On the contrary, the ground was taken in the answer that the service rendered was towage, not salvage.

Let a decree be entered in favor of the libelants for the sum of $200, without costs.